1   ROBERT A. BRAGALONE (*Pro Hac Vice*)
    bbragalone@gordonrees.com
2   GORDON & REES LLP
    2100 Ross Ave., Suite 2800
3   Dallas TX,  75201
    Telephone:  (214) 231-4660
4   Facsimile:  (214) 461-4053

5   LESLIE CRARY  (SBN:  148260)
    lcrary@gordonrees.com
6   GORDON & REES LLP
    275 Battery Street, Suite 2000
7   San Francisco, CA  94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054

9   Attorneys for Defendant TIME INSURANCE COMPANY

10

11  **UNITED STATES DISTRICT COURT**

12  **EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

13  FRESNO COMMUNITY HOSPITAL AND          )   CASE NO.: 1:07-cv-00997-LJO-SMS
    MEDICAL CENTER, dba UNIVERSITY         )
14  MEDICAL CENTER, a California not for profit )
    corporation,                            )   **STIPULATION TO AND QUALIFIED**
15                                          )   **PROTECTIVE ORDER**
                     Plaintiff,             )
16                                          )
         vs.                                )
17                                          )
    TIME INSURANCE COMPANY dba              )
18  ASSURANT HEALTH, a Wisconsin for profit )
    corporation, and DOES 1 through 25, inclusive, )
19                                          )
                     Defendants.            )
20  _____)

21       FRESNO COMMUNITY HOSPITAL (Plaintiff) and TIME INSURANCE COMPANY

22  ("Time"), (collectively the "Parties"), enter into this stipulation based on the following facts:

23       A.     This action will likely involve the production and disclosure of (i) "protected

24  health information," as that term is used in the Health Insurance Portability and Accountability

25  Act of 1996 (Pub. L. 104-191), and regulations promulgated there under at 45 C.F. R. Parts 160-

26  164;  (ii) "medical information," as that term is used in California's Confidentiality of Medical

27  Information Act, Civil Code Section 56 *et seq,* and; (iii) other information which may be

28  confidential and/or proprietary in nature.  Categories (i) and (ii) are hereinafter referred to as

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

-1-

STIPULATION TO AND [PROPOSED] QUALIFIED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

"Protected Information" and category (iii) is referred to as "Confidential Information."

B.      Under applicable federal regulations, a "qualified protective order" includes, with respect to protected health information, an order of a court or administrative tribunal, or a stipulation by the parties to the litigation in accordance with statutory requirements.

C.      California Civil Code Section 56.1(b)(3) permits the disclosure of "Protected Medical Information" by parties to proceedings before a court, pursuant to any provision authorizing discovery in such proceeding.

In light of the foregoing, the Parties, by and through their counsel of record,

**STIPULATE TO THE FOLLOWING**:

1.      This Stipulation and its Order entered thereon, constitute a Qualified Protective Order as defined at 45 C.F.R. Section 164.512(e).

2.       Protected Information or material shall mean all information or material that a party reasonably and in good faith believes to constitute or contain private or protected medical information, including health records that otherwise constitute private and/or confidential material, and shall specifically include the health records of the patient at issue in this action ("the Patient").

3.      The term "documents," as that term is used in this Stipulation and [Proposed] Qualified Protective Order ("Protective Order"), shall have the same meaning as in the Federal Rules of Civil Procedure.

4.      Documents produced to any party may be designated and marked as "Confidential."  Such designated documents will be defined as "Confidential Documents" for the purposes of this Protective Order.

5.      Deposition testimony may be designated as "Confidential" either at the time of the deposition, or within 30 days after the deposition transcript is made available to all parties.  Such designated testimony will be defined as "Confidential Testimony" for the purposes of this Protective Order.

6.      The Parties will not use or disclose Protected Information, Confidential Documents or Confidential Testimony (collectively referred to as "Protected and Confidential

-2-
STIPULATION TO AND [PROPOSED] QUALIFIED PROTECTIVE ORDER

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PDF created with pdfFactory trial version www.pdffactory.com

Information") in pleadings, law and motion submissions, or discovery for any purpose other than in this action which includes settlement discussions, mediation and any other alternative dispute resolution proceeding or efforts. This Protective Order:

       a.    Prohibits the parties from using or disclosing Protected and Confidential Information for any purpose other than in this litigation; and

       b.    Requires the return to the producing party or the destruction of the Protected and Confidential Information (including all copies made) at the end of the litigation or proceeding.

       7.    Any party producing Protected and Confidential Documents in discovery, submitting Protected and Confidential Information to the Court, or otherwise disclosing Protected and Confidential Information to the Court, or otherwise disclosing Protected and Confidential Information shall mark in a reasonably conspicuous manner the Protected and Confidential Information "Confidential- Subject to Protective Order," or with words of similar meaning.

       8.    Protected and Confidential Information designated as "Confidential – Subject to Protective Order" may be disclosed only to the following "Qualified Persons," as defined below:

       a.    Counsel of record for the parties in this action, and employees of such counsel;

       b.    The parties to this action;

       c.    Any author, addressee or other proper recipient of the disclosed Protected and Confidential Information, provided that such person shall be a Qualified Person by virtue of this subsection only with respect to documents of which such person was the author, addressee or other proper recipient;

       d.    A witness, other than the parties, during that witness's deposition or hearing testimony provided, however, that witness shall not retain any copies of the Protected and Confidential Information or the deposition or hearing transcripts designated pursuant to paragraph 5 of this Stipulation. In addition, the party that designated the documents or transcripts "Confidential" pursuant to this Order may object to the

STIPULATION TO AND [PROPOSED] QUALIFIED PROTECTIVE ORDER

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PDF created with pdfFactory trial version www.pdffactory.com

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

unnecessary or improper disclosure of such Confidential Documents or Confidential Testimony to the witness and may seek appropriate relief to prevent such disclosure.

   e.  Experts, consultants, and other vendors such as photocopiers, investigators, litigation support services, (together with their staff) expressly employed or retained by counsel of record to assist in the litigation of the above-captioned action;

   f.  Any stenographic reporter, videographic reporter or videographer (other than a court employed reporter) involved in any deposition, hearing or other pre-trial proceeding in this action, provided that such person shall be a Qualified Person by virtue of this subsection only with respect to documents that are disclosed during such deposition, hearing or other pre-trial proceeding;

   g.  A mediator or other alternative dispute resolution provider;

   h.  The Court, as restricted in Paragraph 9;

   i.  Any other person to whom the parties mutually agree in writing.

Prior to receiving any Protected or Confidential Information, each Qualified Person described in subparagraph (d) and (e) shall execute a nondisclosure agreement in the form of **Exhibit A** hereto.  Each such Qualified Person agrees to be bound by this Protective Order, and further agrees to secure and strictly maintain the confidentiality of all such Protected and Confidential Information.  All counsel shall maintain copies of any executed nondisclosure agreements they obtain pursuant to this Protective Order until one year after the termination of the above-captioned action.  Copies of such nondisclosure agreements shall be provided to counsel for the other party, upon written request or a request made on the record in open court or at a deposition: (a) at the deposition of any Qualified Person required to sign a nondisclosure agreement by this section; (b) not later than fifteen (15) days prior to trial, or within three (3) business days following a request made later than fifteen (15) days prior to trial, for any experts who may testify at the trial but who have not been deposed; (c) upon the written request of counsel for the other party if the Qualified Person is not an expert, consultant or other person the identify of which is not subject to work product protection; or (d) upon the written request of counsel for the other party in the event such counsel has a good faith belief that the person to

STIPULATION TO AND [PROPOSED] QUALIFIED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

whom Protected or Confidential Information have been disclosed has failed to abide by the terms of this Protected Order.

9. To the extent any party wishes to use Protected and Confidential Information in, or as an exhibit to, a filing with the Court prior to trial, the exhibit, or other portion of the filing containing the Protected and Confidential Information must be placed in a sealed envelope with the legend "Sealed Pursuant to Protective Order" place on the outside of the envelope.

10. The purpose of this Protective Order is to protect Protected and Confidential Information disclosed during the discovery process. This Agreement does not and is not intended to restrict a party's use of such documents or testimony at trial.

9. Any party may, for good cause, challenge another party's designation of information as "Protected and Confidential Information."

10. This Protective Order will not prejudice the right of either party to oppose production of any information on the grounds of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

11. If a third party produces discovery in this action, the provisions of this Protective Order shall apply to such third-party discovery and testimony as if such discovery or testimony was being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this action.

12. Entering into, agreeing to and/or complying with the terms of this Protective Order shall not:

a. Prejudice in any way the rights of any party to apply to the Court for a further protective order relating to any purportedly confidential information; or

b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

13. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this litigation.

At the conclusion of the above-captioned action, all Protected Information (including all

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-5-

PDF created with pdfFactory trial version www.pdffactory.com

1   copies) shall either be returned to the producing party, or destroyed.  In the latter case, the party

2   destroying the Protected Information shall so attest in writing to the other party.

3   Dated:   12/11/2007                                    GORDON & REES LLP

4

5

6                                                          By:      /s/ Robert Braglone
                                                               Robert Bragalone
7                                                              Leslie K. Crary
                                                               Attorneys for Defendant TIME
8                                                              INSURANCE COMPANY

9

10                                                         By:      /s/ Barry Sullivan
    Dated:   12/11/2007                                          Eligio Jose Luevanos BARRY
11                                                         SULLIVAN
                                                               Attorneys for Plaintiff FRESNO
12                                                             COMMUNITY HOSPITAL

13

14

15          Good cause appearing, **IT IS SO ORDERED.**

16

17   Dated:   12/18/2007                     /s/ Sandra M. Snyder
                                              Magistrate Judge of the United States District Court

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO AND [PROPOSED] QUALIFIED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, in connection with the case of, *FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER, dba UNIVERSITY MEDICAL CENTER v. TIME INSURANCE COMPANY dba ASSURANT* HEALTH, Case No. 1:07-cv-00997-LJO-SMS, now pending in the United States District Court for the Eastern District of California, hereby acknowledge that I have received a copy of the Protective Order entered by the Court in this action.

I have carefully read and understand the provisions of the Protective Order, and agree to be bound by all of the provisions thereof.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this proceeding, any protected information, as defined in the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____

_____

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ASHE/1045971/5244001v.1

PDF created with pdfFactory trial version www.pdffactory.com